IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMILIO DELGADO, and other plaintiffs mentioned in Annex A of this complaint<br><br>Plaintiffs<br><br>vs.<br><br>JOHN BOWERS, President & Trustee of International I.L.A. Pension Welfare & Royalty Funds AFL-CIO<br>TOM HOLT, JR., President & CEO, NAVIERAS DE PUERTO RICO<br>CHUCK RAYMOND, Vice President & CEO of Sea Land Service Corp. (CSX-Line)<br>GUILLERMO ORTIZ-GONZALEZ, Trustee International Vice President I.L.A. Trustee Pension, Welfare & Royalty Funds PRSSA AFL-CIO<br>RAUL RIVERA, Royalty Fund Trustee<br>JORGE BRINGUIER, Trustee of I.L.A. Pension, Welfare & Royalty Funds PRSSA AFL-CIO LCDO. MANUEL LOPEZ-LLAVONA Trustee Welfare & Director of Sea Land Services<br>LCDO. LUIS A. COLON, Trustee Welfare & Director of Navieras de Puerto Rico<br>LCDO. RAFAEL CORTINA Y ACE General Administrator I.L.A. Local 1575 Pension, Welfare & Royalty Funds, PRSSA AFL-CIO; LCDO. EMILIO RODRIGUEZ-COLON Trustee Royalty Funds, President of San Juan Mercantile Corp.;<br>MAGALY ROSARIO, Administrator Royalty Fund;<br>LCDO. VICTOR CARRERA Trustee Royalty Fund<br>ROBERT E. GLEASON, Secretary of Treasurer<br>ALBERT CERNADAS, Executive Vice president<br>MR. FRANK LONARDO, General Organizer of the International Longshoremen's Association,<br>X, Y, Z insurance companies of the defendant and of the defendants trustees | CIVIL NO. 00-1777CCC<br>CIVIL NO. 01-1123CCC |

CIVIL 00-1777CCC                              2
CIVIL 01-1123CCC

| |
|---|
| Defendants<br>_____<br><br>AGUSTIN PADILLA and other plaintiffs mentioned in Annex A of the Complaint<br><br>Plaintiffs<br><br>vs<br><br>JOHN BOWERS, President & Trustee of International I.L.A. Pension Welfare & Royalty Funds AFL-CIO, et al<br><br>Defendants |

**O R D E R**

      This action, consisting of two consolidated cases, began with 381 plaintiffs and 16 defendants. Over the years the action has been pending, that number has been reduced to what is now the remaining eight (8) plaintiffs and eight (8) defendants. With the exit of so many parties, many of the claims have been eliminated. For that reason, on September 8, 2004 we entered an order for plaintiffs to file a list of the "remaining plaintiffs pending trial and their corresponding claims"(docket entry 492). Plaintiffs replied on October 27, 2004 (docket entry 496) with a list of eight names and nothing more. On December 9, 2004 the court entered a second order (docket entry 506) for plaintiff to provide the same information, this time highlighting the phrase **"their corresponding claims."** The motion in compliance with this order (docket entry 507) once again did not contain the information required. This response provided the same list of names and a list of 16 vague paragraphs. On December 27, 2004 the court entered, for the third time, an order (docket entry 510) for plaintiffs to file a detailed list that included, as to each one of them, the following information: name of plaintiff; description of claim; statute, regulation, bylaws and/or section of contract allegedly violated; Name(s) of

CIVIL 00-1777CCC                                        3
CIVIL 01-1123CCC

defendant(s) responsible for the violation; and remedy requested.[1]

Plaintiffs for a third time filed a motion purporting to comply with the court's order (docket entry 518), the filing of which was noted. Once again plaintiffs have failed to provide the information as directed in the Court's orders. It is impossible to determine what are the specific remaining claims of each remaining plaintiff, and what claims remain against each specific defendant. Plaintiffs have failed to identify or provide specific sections of law, labor agreements, by-laws or other contracts that they claim have be violated or breached. The contention that all plaintiffs have the same claims, that all defendants affiliated with the Royalty Fund or the Pension and Welfare Fund are responsible for all violations, without specifics as to any actions of each one and that all the plaintiffs request the same remedies are insufficient responses to the court's order. The lack of the required information will impede the court in making evidentiary rulings as to relevance of testimony at trial and in the preparation of preliminary and final instructions and verdict forms.

For the above stated reasons, the court is granting plaintiffs a fourth and final opportunity and a final term ending on October 20, 2005, in which to comply with our order of December 27, 2004 by filing ALL OF THE INFORMATION AS TO EACH PLAINTIFF IN THE EXACT FORMAT AND MANNER SHOWN BELOW:

NAME OF PLAINTIFF ONE

CLAIM # 1;
DESCRIPTION OF CLAIM;
STATUTE, REGULATION, BYLAWS AND/OR SECTION OF CONTRACT ALLEGEDLY VIOLATED;
NAME(S) OF DEFENDANT(S) RESPONSIBLE FOR THE VIOLATION; AND REMEDY REQUESTED.

---

[1] We set out the information below in the format in which the compliance must be made, so that there can be no error on plaintiffs' part.

CIVIL 00-1777CCC                                         4
CIVIL 01-1123CCC

    CLAIM #2

    ....

    CLAIM #3

    .....

    NAME OF PLAINTIFF TWO

    CLAIM #1

In addition, plaintiff shall provide a list of all plaintiffs, AS THEY APPEAR IN THE CAPTION OF CASE AND IN THE ORDER WHICH THEY APPEAR IN THE CAPTION OF THE COMPLAINTS, the disposition, date and docket number of the partial judgment by which said plaintiff was dismissed[2], and any other relevant changes, according to the model below. The remaining plaintiffs shall be identified by an asterisk (*).

1. John Doe      Dismissed      January 15, 2003 (142)

2. Richard Roe      Dismissed      March 22, 2004 (198)     Subs. by widow Barbara Boe

3. Michael Moe      *

---

[2]The dated on which a plaintiff is terminated, as listed in the heading of the docket, is not necessarily the date on which the plaintiff was dismissed. Therefore, these date should not be used in compiling this list.

CIVIL 00-1777CCC                               5
CIVIL 01-1123CCC

      This action has been languishing for over five years. Therefore, failure to comply with this order in the exact manner set forth above will result in severe sanctions. No extensions of time for compliance will be granted.

      SO ORDERED.

      At San Juan, Puerto Rico, on September 30, 2005.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge